UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>TRI-CITY & OLYMPIA RAILROAD COMPANY LLC,<br><br>            Defendant. | NO. CV-09-5062-EFS<br><br>**ORDER ENTERING COURT'S RULINGS FROM AUGUST 10-11, 2009 HEARING**<br><br>**PART I** |

A hearing occurred in the above captioned matter on August 10 and 11, 2009, in Richland. Timothy R. Thornton and Leland B. Kerr appeared on Plaintiff BNSF Railway Company's (BNSF) behalf; Paul J. Petit and Brandon L. Johnson[1] appeared on Defendant Tri-City & Olympia Railroad Company LLC's (TCRY) behalf; and Timothy D. Wackerbarth appeared on Plaintiff-Intervenor Union Pacific Railroad's (UP) behalf. Before the Court were BNSF's Motion for Preliminary Injunction (Ct. Rec. 3) and UP's Motion to Intervene (Ct. Rec. 26). This abbreviated Order serves to memorialize and supplement the Court's oral rulings and deadlines. A more substantive Order explaining the Court's basis for granting the preliminary injunction will follow.

---

[1] The Court excused Mr. Johnson from appearing on August 11, 2009, due to a previously-scheduled family vacation.

ORDER ~ 1

# I. Discussion

**A.   UP's Motion to Intervene (Ct. Rec. 26)**

Union Pacific seeks to intervene in this action under Federal Rule of Civil Procedure 24 because it claims a significant protectable interest in the subject of the action that cannot be adequately protected absent intervention. (Ct. Rec. 26 at 1.) Neither BNSF nor TCRY oppose UP's request to intervene. (Ct. Recs. 36 & 38.)

There are two (2) ways a non-party can intervene in an existing action: the first is "as of right" under Rule 24(a); the second is "permissively" under Rule 24(b).

To intervene as of right under Rule 24(a), an applicant must demonstrate that 1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; 2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; 3) the application is timely; and 4) the existing parties may not adequately represent the applicant's interests. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The applicant for intervention bears the burden of showing that all the requirements for intervention have been met. *Id.* To permissively intervene under Rule 24(b), an applicant must demonstrate that 1) there are independent grounds for jurisdiction, 2) the motion is timely, and 3) its claim or defense and the main action share common question of law or fact. *Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002). In determining whether intervention is appropriate, district courts should be guided primarily by practical and equitable considerations, broadly interpreting the intervention

requirements in favor of intervention. *United States v. City of Los Angeles*, 288 F.3d 391, 391 (9th Cir. 2002).

Here, UP argues that it should be allowed to intervene either rightfully or permissively. For the reasons articulated on the record, the Court grants UP's motion to intervene (both rightfully and permissively) because the motion is unopposed and UP timely articulated the need to protect its interest in - and access to - the Richland Trackage.

**B.   BNSF's Motion for Preliminary Injunction (Ct. Rec. 4)**

"A preliminary injunction is not a preliminary adjudication on the merits: it is an equitable device for preserving the status quo[2] and preventing the irreparable loss of rights before judgment." *Textile Unlimited v. A..bmhand Co.*, 240 F.3d 781, 786 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Where, as here, a plaintiff seeks to alter the status quo by commanding a positive act, i.e., mandatory preliminary relief, a heightened standard applies and an injunction should not be issued unless

---

[2]"Status quo" means the last uncontested status that preceded the pending controversy. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000). Given that BNSF's operating rights on the Richland Trackage are in dispute, the last "uncontested status" was TCRY conducting interchange services for BNSF.

ORDER * 3

the facts and law *clearly* favor the moving party. *See Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (emphasis added).[3]

For the reasons articulated on the record, the Court grants BNSF's preliminary injunction request.

## II. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff-Intervenor's Motion to Intervene **(Ct. Rec. 26)** is **GRANTED**.

2. Plaintiff's Motion for Preliminary Injunction **(Ct. Rec. 3)** is **GRANTED**. Ward Angelos (BNSF's representative - (509) 539-8463), Robert Cooley (TCRY's representative - (509) 948-5316), and Pat Meriweather (UP's representative - (503) 249-3000) shall meet and confer - either by phone or in person - and draft a comprehensive operational plan that is signed and agreed upon by all three (3) parties, which shall be filed with the Court **no later than 3:00 p.m. on August 14, 2009.** The operational plan shall cover trackage from the Richland junction to the Horn Rapids road (and all spurs that spring therefrom).

---

[3]TCRY incorrectly asserts that the Ninth Circuit's heightened preliminary injunction standard requires a "heavy and compelling showing," as opposed to a clear showing, because the Ninth Circuit case TCRY relies on - *Kikumura v. Hurley* - is actually a Tenth Circuit case. *See* 242 F.3d 950 (9th Cir. 2001). Several district courts have also mistakenly cited *Kikumura* as Ninth Circuit authority. *See, e.g., McDougald v. Kennett*, 2008 WL 4378073 at *13 (D. Nev., Aug. 12, 2008).

ORDER * 4

3. Between now and 3:00 p.m. on August 14, 2009, the parties shall continue conducting business as usual (TCRY providing interchange services to BNSF and charging its customary fee).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this ___12th___ day of August, 2009.


                              s/Edward F. Shea

                              EDWARD F. SHEA
                        United States District Judge

Q:\Civil\2009\5062.PI.Init.wpd

ORDER * 5