FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 04, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>    Plaintiff,<br><br>UNION PACIFIC RAILROAD COMPANY, and<br>PORT OF BENTON,<br><br>    Plaintiff-Intervenors,<br><br>    v.<br><br>TRI-CITY & OLYMPIA RAILROAD COMPANY, LLC,<br><br>    Defendant. | No.   2:09-cv-5062-EFS<br><br>**ORDER TO MEET AND CONFER AND SETTING BRIEFING SCHEDULE** |

Before the Court is Defendant Tri-City & Olympia Railroad Company LLC (TCRY)'s Motion to Amend Permanent Injunction, ECF No. 374. TCRY requests that the Court amend the permanent injunction previously entered in this matter, citing "significant changes to the factual conditions" that it asserts "now make the permanent injunction more onerous, unworkable, and detrimental to the public."[1] TCRY also requests that the Court order Plaintiff BNSF Railway Company (BNSF)

---

[1] ECF No. 374-2 at 2.

ORDER TO MEET & CONFER – 1

1  and Plaintiff-Intervenor Union Pacific Railroad Company to pay for maintenance of
2  the subject trackage, which TCRY currently leases from Plaintiff-Intervenor Port of
3  Benton (POB).[2] TCRY filed its motion on January 17, 2022, and set it to be heard
4  without oral argument on February 16, 2022.[3]

5      This case has been inactive for nearly a decade. The Court first entered the
6  permanent injunction at issue in December 2011.[4] Then, in February 2012, the
7  Court adopted a Comprehensive Operating Plan, which governs the subject
8  trackage and affects all four listed parties.[5] Prior to TCRY's current motion, the
9  last activity in this matter was in August 2012, when the Court denied BNSF's
10 request to order TCRY to show cause or be held in contempt.[6] And following the
11 filing of TCRY's current motion, the Court has received nothing more than the
12 recently filed notices of appearance by BNSF's counsel and Union Pacific Railroad
13 Company's counsel.[7]

---

[2] ECF No. 374-2 at 2.

[3] ECF No. 374 at 1.

[4] ECF No. 329.

[5] ECF Nos. 343 & 336-1. Also in February 2012, the Court slightly modified the language of its order implementing the permanent injunction. *See* ECF No. 342.

[6] ECF No. 373.

[7] ECF Nos. 375–77.

The certificates of service for TCRY's filings indicate that only the CM/ECF System was used in attempting service of the motion.[8]  Where the party being served has a registered account with the Court's CM/ECF system, service may generally be effectuated through the CM/ECF system.[9]  Here, however, given the long period of inaction, the Court questions whether the Port of Benton has received notice and/or copies of TCRY's motion.[10]  Given the amount of time that has elapsed since the last court-action in 2012 and the nature of TCRY's motion, the Court find it appropriate to require proof of service as to the Port of Benton and to have the parties meet and confer regarding a briefing schedule and hearing date.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Tri-City & Olympia Railroad Company LLC's Motion to Amend Permanent Injunction, **ECF No. 374**, is **STAYED** pending further order of the Court.  The Clerk's Office is directed to **STRIKE** the February 16, 2022 hearing.

---

[8] *See* ECF Nos. 374 at 3, 374-1 at 3, 374-2 at 12, 374-3 at 4, and 374-8 at 3.

[9] *See* Fed. R. Civ. P. 5(b)(2)(E); EDWA General Order 100-04-1; *see also* EDWA Local Rules, *ECF Administrative Procedures*, (updated Nov. 1, 2021), available at https://www.waed.uscourts.gov/electronic-how (last accessed Feb. 2, 2022).

[10] *See* Fed. R. Civ. P. 5(b)(2)(E) (providing that electronic service "is not effective if the filer or sender learns that it did not reach the person to be served"); *see also* EDWA General Order 100-04-1 § VII(E) (same).

2. TCRY, by **Friday, February 11, 2022**, shall **FILE** proof of service—by means other than the CM/ECF system—as to Plaintiff-Intervenor Port of Benton, unless counsel for the Port of Benton file a notice of appearance or otherwise confirms with the Court actual receipt of TCRY's motion.

3. The parties are **ORDERED** to meet and confer regarding TCRY's motion.

4. The parties, by **Friday, February 18, 2022**, after meeting and conferring, shall **FILE**, jointly or separately, a proposed briefing schedule. The proposed briefing schedule shall include at least the following:

   *A.* **Discovery**. Whether discovery is needed and, if so, the nature of such discovery (i.e., interrogatories, requests for production, depositions, etc.) and the associated proposed deadlines, including a proposed discovery cutoff date.

   *B.* **Pre-Hearing Conference**. Whether a pre-hearing conference would be of benefit and, if so, a proposed date and time that have been approved by the Courtroom Deputy, who may be reached at (509) 943-8174.

   *C.* **Briefing Deadlines**. Proposed deadlines for responses and replies to TCRY's motion.

ORDER TO MEET & CONFER – 4

      **D.**    **Oral Argument**.  Whether oral argument is requested and, if so, a brief explanation for why oral argument would be of benefit.

      **E.**    **Hearing Date**.  A proposed hearing date—and time, if oral argument is requested—that have been approved by the Courtroom Deputy, who may be reached at (509) 943-8174.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 4th day of February 2022.

                        s/Edward F. Shea
                        EDWARD F. SHEA
                Senior United States District Judge